**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

PATRICK-JOSEPH GROULX,

        CASE NO. 1:22-cv-11369
*Plaintiff,*    DISTRICT JUDGE DAVID M. LAWSON
        MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

PEOPLE'S REPUBLIC OF CHINA,

   *Defendant.*
_____/

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) (2018).

**II.  REPORT**

    **A.  BACKGROUND**

Patrick-Joseph Groulx was exposed to an herbicide called Boundary 6.5 EC.[1] (*Id.*) Shortly after his exposure, Groulx developed "an allergic reaction," congestion, and insomnia. (*Id.* at PageID.10). Groulx also could not "orgasm" for two weeks following his exposure, experienced diarrhea up to "five times" per day, became "agitat[ed]," and had "a hard time eating normally." (*Id.*)

---

[1] Besides stating that he was "hit" and "assaulted" with Boundary, Groulx does not explain how he was exposed to this herbicide. (ECF No. 1, PageID.5, 10).

1

Boundary is produced by Syngenta, an agricultural company which produces seeds and pesticides. (*Id.* at PageID.15). Syngenta maintains "safety data sheets" for its products which detail any health or ecological hazards. (*See id.*) After he was exposed to Boundary, Groulx looked up the safety data sheet for Boundary and noticed that Boundary was described as a carcinogen. (*Id.* at PageID.11–12, 15).

Groulx grew concerned about his exposure to a carcinogenic herbicide and asked his physician to screen him for cancer. (*Id.* at PageID.10). But unfortunately, his physician explained that this would be an impossible task without knowing the specific type of cancer to look for, as he could not screen Groulx, generally, for all types of cancer. (*Id.*) Frustrated with his risk of developing cancer and his physician's inability to screen him, Groulx brought the present complaint, seeking to hold Syngenta liable for not identifying the specific type of cancer he might develop from his exposure to Boundary. (*Id.* at PageID.10–11).

Groulx lists the People's Republic of China as the only defendant. (*Id.* at PageID.1). This is because, as Groulx explains, Syngenta is owned by a company called ChemChina, which is a state-run, Chinese enterprise. (*Id.* at PageID.10, 14). However, it appears that Groulx intends to sue both China and Syngenta, and that he only lists China as the sole defendant because he views Syngenta and China as the same entity. (*See id.* at PageID.7–8, 10 (listing the defendant as the "People's Republic of China (PRC), [also known as] . . . Syngenta . . . .")).

B.     LEGAL STANDARD

Because Groulx proceeds *in forma pauperis*, he subjects his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints

3

must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C. ANALYSIS

The Occupational Health and Safety Administration ("OSHA") generally requires that chemical manufacturers develop or obtain safety data sheets "for each hazardous chemical they produce or import." 29 C.F.R. § 1910.1200 (2022). These sheets must provide information regarding first aid measures, personal protection, and the chemical's toxicity. *Id.* § 1910.1200(g)(2). The manufacturer or importer who prepares the safety data sheet must "ensure that the information provided" in the sheet is accurate and must supply a copy of the sheet to "all distributors and [downstream] employers." *Id.* § 1910.1200 (g)(5)–(6)(i).

Rather than argue that Syngenta's safety data sheet violates OSHA's regulations, Groulx argues that the data sheet is unconstitutionally vague, violating his right to due process, because it does not specify the types of cancer potentially caused by Boundary. (ECF No. 1, PageID.5, 10–12). However, the Due Process Clauses of the Fifth and Fourteenth Amendments only restrict the Federal government and the individual states, respectively; private entities and foreign governments are not bound by the U.S. Constitution. *See Lindstrom v. Gilkey*, No. 98 C 5191, 1999 WL 342320, at *12 (N.D. Ill. May 14, 1999) (citing *Neely v. Henkel*, 180 U.S. 109, 123 (1901)); *David v. Comm'r of Labor*, No. 91 Civ. 7987, 1992 WL 25200, at *1 (S.D.N.Y. Jan. 31, 1992) (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).

Groulx does not identify any source for relief outside of the Fifth or Fourteenth Amendments, and the undersigned has not found any law, other than OSHA's safety data sheet regulations, which might be implicated by Groulx's allegations. Groulx does not appear to bring a state-law products liability claim against Syngenta, nor does he allege that Syngenta made a false statement regarding Boundary's carcinogenicity. *See Cottrell Ltd. V. Biotrol Intern., Inc.*, 191 F.3d 1248, 1253–54 (10th Cir. 1999). Indeed, Groulx does not allege that Syngenta was somehow responsible for his exposure to Boundary, and while he sometimes refers to the safety data sheet as "fraudulent," he appears to use the word "fraudulent" where he means to say "ambiguous." (*See* ECF No. 1, PageID.5, 12). The only injury for which Groulx seeks redress is his inability to ascertain the type of cancer he might develop from his exposure, and the only laws which might afford him a right to such information are OSHA's regulations. (*See id.* at PageID.11–13).

But regulations cannot create a private right of action, and the Sixth Circuit has held that there is no private right of action under the Occupational Health and Safety Act. *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001); *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993); *Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir. 1985); *see also Madigan v. Nabisco Brands, Inc.*, 46 F. App'x 329, 331 (6th Cir. 2002); *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 476–78 (6th Cir. 1995). Accordingly, because Groulx cannot bring a civil lawsuit to enforce the regulations, I suggest that he does not allege a plausible claim for relief.

## III.  CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's complaint.

## IV.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each

6

issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 12, 2022                             S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge