UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK-JOSEPH GROULX,

           Plaintiff,           Case Number 22-11369
v.                                              Honorable David M. Lawson
                                                  Magistrate Patricia T. Morris

PEOPLE'S REPUBLIC OF CHINA,

           Defendant,
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING MOTION TO AMEND COMPLAINT, AND DISMISSING CASE

    Plaintiff Patrick-Joseph Groulx filed a complaint on his own behalf without a lawyer seeking to hold the agricultural company Syngenta liable for not identifying the specific type of cancer he might develop from exposure to an herbicide called Boundary. He bases his claims on the Fifth and Fourteenth Amendments to the United States Constitution. The case was referred to Magistrate Patricia T. Morris to conduct all pretrial proceedings. Judge Morris screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and recommended that the Court dismiss it because it did not state a viable claim. The plaintiff filed timely objections to the report and recommendation asking for permission to amend his complaint. He followed that up with two motions to amend the complaint, seeking to add as defendants the China National Chemical Corporation and several entities that appear to be affiliates of the Syngenta chemical company. The magistrate judge concluded correctly that the complaint does not state a claim for which relief may be granted. The proposed amended complaint appears to plead claims against non-state actors for violations of the plaintiff's constitutional rights, and therefore would be futile. The Court will adopt the magistrate judge's report, deny the motions to amend the complaint, and dismiss the case.

I.

According to the lawsuit papers, in 2019, plaintiff Patrick-Joseph Groulx somehow was exposed to an herbicide called Boundary 6.5 EC. Compl., ECF No. 1, PageID.10. He does not explain precisely when or how the exposure occurred. Shortly after the exposure, however, Groulx says that he developed "an allergic reaction," congestion, and insomnia. *Ibid.* Groulx also alleges that he could not orgasm for two weeks following his exposure and experienced diarrhea up to five times per day. *Ibid.* He remains "agitat[ed]," has "serious issue[s]" being able to sleep, and has "a hard time eating normally." *Ibid.*

Groulx alleges that Boundary is produced by Syngenta, an agricultural company that manufactures seeds and pesticides. Safety Data Sheet, ECF No. 1, PageID.15. Syngenta maintains "safety data sheets" for its products that detail any health or ecological hazards. *See ibid.* After he was exposed to Boundary, Groulx looked up the safety data sheet for Boundary and noticed that Boundary was described as a carcinogen. *Ibid.*; Compl., ECF No. 1, PageID.11-12.

Groulx grew concerned about his exposure to a carcinogenic herbicide and asked his physician to screen him for cancer. *Id*. at PageID.10. His physician explained that this would be an impossible task without knowing the specific type of cancer to look for, as he could not screen Groulx, generally, for all types of cancer. *Ibid.* Frustrated with his risk of developing cancer and his physician's inability to screen him, Groulx brought the present complaint, seeking to hold Syngenta liable for not identifying the specific type of cancer he might develop from his exposure to Boundary. *Id*. at PageID.10-11.

Groulx lists the People's Republic of China as the only defendant. *Id*. at PageID.1. This is because, as Groulx explains, Syngenta is owned by a company called ChemChina, which is a state-run, Chinese enterprise. *Id*. at PageID.10, 14. However, it appears that Groulx intends to

sue both China and Syngenta, and that he lists China as the sole defendant because he views Syngenta and China as the same entity. *See id.* at PageID.7-8, 10 (listing the defendant as the "People's Republic of China (PRC), [also known as] . . . Syngenta . . . .").

Groulx contends that the defendant's conduct violated his "constitutional right of due process." *Id.* PageID.12. He asks for a $7 trillion to $14 trillion judgment in his favor. *Id.* at PageID.11-12. He also filed an application to proceed without prepayment of fees. ECF No. 2.

On June 29, 2022, the Court referred the case to Magistrate Judge Patricia T. Morris for general case management. Judge Morris granted the plaintiff's application to proceed *in forma pauperis* and proceeded to screen his claim for merit under 28 U.S.C. § 1915(e)(2)(B). Because the plaintiff brings only constitutional claims against a foreign government that is not bound by the U.S. Constitution, Judge Morris recommended that the Court dismiss the plaintiff's complaint on its own initiative for failure to state a claim upon which relief may be granted.

Groulx filed two objections to the report and recommendation.

II.

When a party files an objection to a recommendation and report, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors

immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In his objections, Groulx does not take issue with the magistrate judge's determination that his complaint does not plead a proper due process claim. Instead, he asks for leave to amend his complaint to add a product liability claim and name Syngenta as a defendant. Alternatively, he asks that the Court dismiss his complaint without prejudice so that he may file a separate complaint against Syngenta.

To start, when a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004).  The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The magistrate judge correctly determined that the Due Process Clauses of the Fifth and Fourteenth Amendments are inapplicable to foreign governments. *See, e.g.*, *Neely v. Henkel*, 180 U.S. 109, 122 (1901) (finding that "the fundamental guaranties of life, liberty, and property . . . have no relation to crimes committed without the jurisdiction of the United States"); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 906 (S.D. Ohio 2013) (collecting cases finding that "foreign states are not persons within the meaning of the Due Process Clause"). The People's Republic of China is a foreign state that is not bound by the U.S. Constitution.  *See Principality of Monaco v. State of Mississippi*, 292 U.S. 313, 330 (1934) ("The foreign State lies outside the structure of the Union.").  It therefore is not the proper subject of a Fifth or Fourteenth Amendment due process claim.  The plaintiff's due process claim against the People's Republic of China is not plausibly pleaded and must be dismissed, as the magistrate judge recommended.

The plaintiff's request to file an amended complaint also is problematic. Motions to amend a complaint are governed by Federal Rule of Civil Procedure 15(a). Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave may be denied if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). In fact, a court *should* deny a motion for leave to amend when the proposed amendment would be futile. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). If the district court concludes that the pleading as amended could not withstand a motion to dismiss, then the court may deny the motion to amend and save the parties and the Court the expense of having to confront a claim doomed to failure from its outset. *Head*, 870 F.2d at 1123 (quoting *Martin*, 801 F.2d at 248). "[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The plaintiff's proposed amended complaint is based on the same legal theory that he put forth in his original complaint: that the dissemination of the agricultural chemical exposed him to potential cancer-causing agents, and therefore his constitutional rights under the Due Process Clause have been violated. However, all of the defendants he proposes to sue, with the exception of the Republic of China, are private companies. The Due Process Clauses of the Fifth and Fourteenth Amendments shield only against "deprivation by the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (citing *Shelley v. Kraemer*, 334 U.S. 1 (1948)); *Pub. Utilities*

*Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952).  They do not apply to or restrict private persons unless they are acting under the color of law.  *Ibid.*; *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Even if all the allegations in the proposed amended complaint are taken as true, the plaintiff could not recover from any of the defendants based on his chosen legal theory.  The proposed amendment would be futile.

### III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the lawsuit papers.  The plaintiff's objections to the report and recommendation lack merit.  The plaintiff's proposed amendment to the complaint would not state a viable claim, and therefore the amendment would be futile.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 6) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 7, 8) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's' motions to amend the complaint (ECF No. 10, 12) are **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 28, 2022